UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ANTONIO J. BEASLEY, SR,                    )
                                           )
        *Plaintiff*,                       )
v.                                         )        No. 1:11-cv-63
                                           )        *Chief Judge Curtis L. Collier*
CHRISTOPHER D. POOLE; ASHLEY               )
OWNBY; MICHAEL J. STENGEL; ADELA           )
T. COOPER; JUDGE R. ALLAN EDGAR,           )
                                           )
        *Defendants*.                      )

## <u>MEMORANDUM</u>

The Court is in receipt of a *pro se* civil rights complaint filed by Antonio J. Beasley, Sr.,

("Plaintiff") pursuant to 42 U.S.C. § 1983 (Court File No. 1). In his complaint, Plaintiff alleges that

various federal officials violated his constitutional rights through their misconduct in connection

with his federal criminal proceedings, specifically, in connection with his plea agreement. Plaintiff

alleges "Federal Personal [sic] violated the real mean [sic] of the plea Agreement and they were

acting under 'color or Federal Law.'" (Court File No. 1). Plaintiff also claims his defense counsel

and appellate counsel violated his constitutional rights during those proceedings.

Because some of the named defendants are federal employees and none of them are state

employees, the complaint has been construed as an action under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392-97 (1971) (private right of action may

be implied from the Constitution itself for allegations of constitutional violations made against

federal employees or their agents).

For the following reasons, no service shall issue, and Plaintiff's complaint will be **DISMISSED** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) for failure to state a claim upon which relief may be granted (Court File No. 1). Thus, the prematurely filed motion to dismiss is **MOOT** (Court File No. 4).

## I. Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Thus, his motion will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 8). Plaintiff's motion is **GRANTED** to the extent he does not have to *initially* pay the full $350.00 filing fee and **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the full $350.00 filing fee, but instead, will pay the full fee as assessed. Since Plaintiff is a prisoner in custody at the United States Prison Hazelton in Bruceton Mills, West Virginia, he will be **ASSESSED** the full civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly

2

income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at USP Hazelton in Bruceton Mills, West Virginia, and the Commissioner of the Bureau of Prisons to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.    Screening of Complaint

### A.    *28 U.S.C. §§ 1915A and 1915(e)(2)*

Title 28 U.S.C. § 1915A provides: "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

In *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199, 205 (2007), the Sixth Circuit explains that when screening

a prisoner complaint, district courts must examine the complaint brought by prisoners, regardless of whether the prisoner has paid the full filing fee or is a pauper, and is acting *pro se* or is represented by counsel. The District Court first examines the financial status of a plaintiff prisoner and makes an assessment of fees, and then it reviews the merits of the complaint. The District Court may conduct the fee assessment and the screening process in the same opinion or order. *Id.* at 608.

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under Title 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted," or under Title 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous, malicious, fails to state a claim upon which relief my be granted, or seeks monetary relief against a defendant who is immune from such relief. Therefore, guided by the analogous cases dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the Court must determine whether the complaint should be dismissed because, even if everything alleged in the compliant is assumed to be true and accurate, Plaintiff is not entitled to relief as a matter of law. *Cf. Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).

### B.     *Pro Se* Pleadings Liberally Construed

The law is well established that this Court is required to liberally construe *pro se* complaints to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007);*Haines v. Kerner*, 404 U.S. 519, 521 (1972). In addition, when evaluating a *pro se* complaint, the plaintiff's allegations are presumed to be true. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996), *cert. denied*, 520 U.S. 1251 (1997). The mandated liberal

4

construction requires a court to permit a complaint to proceed if it can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail; thus, a Court must allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Nonetheless, the requirement of liberal construction does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Department of Social Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Thus, the liberal construction is not boundless as *pro se* plaintiffs are required to comply with substantive law and the minimum requirements for pleading a civil complaint under Rule 8(a) of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). In other words, the Court is not required to conjure up factual allegations and claims on Plaintiff's behalf which he failed to plead in his complaint. *Id.* at 714. Therefore, the relaxed *pro se* pleading requirement does not automatically entitle *pro se* plaintiffs to take every case to trial. *Id.; Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Court construes the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded allegations of fact in the complaint as being true. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a factual allegation is capable of more than one reasonable inference, it must be construed in Plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997). The Court may not dismiss a complaint merely because the Court does not believe the allegations of fact set forth in the complaint. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

The Court is not required to accept as true mere legal conclusions and unwarranted inferences of fact. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Therefore, the complaint must do more than recite bare assertions of legal conclusions without supporting

allegations of material facts. *Evans v. Pearson Enterprises Inc.*, 434 F.3d 839, 847 (6th Cir. 2006).

Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell*

*v. Mills*, 317 Fed. Appx. 501 (6th Cir. March 18, 2009), *available in* 2009 WL 723132, *4; *see also*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must contain more than statement

of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

## III.    Background:  Facts and Procedural History of Underlying Criminal Case

To place Plaintiff's civil complaint into context, it is necessary to summarize his underlying

criminal case.  The facts and procedural history of his criminal case are discussed in some detail

because Plaintiff's civil complaint brought under *Bivens* is based upon his federal criminal case.

In fact, his complaint is a thinly disguised attempt to resurrect an issue that was thoroughly litigated

and resolved against him in his § 2255 proceeding.[1]

Ordinarily a court does not consider matters outside a complaint, when deciding whether to

dismiss a complaint for failure to state a claim upon which relief may be granted. *Weiner v. Klais*

*& Co.,* 108 F.3d 86, 88-89 (6th Cir. 1997).  However, Federal courts may consider public records

and any other matters of which courts may take judicial notice under Rule 201(b) of the Federal

Rules of Evidence. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) *overruled on*

*other grounds*, *Swierkiewicz v.Sorema, N.A.,* 534 U.S. 506 (2002); *Lee v. Dell Products, L.P.,* 236

F.R.D. 358 (M.D. Tenn. 2006), *available at* 2006 WL 1101930; 5C Wright & Miller, Federal

Practice and Procedure: Civil 3d §§ 1364, 1366 (3d ed. 2004).

In reviewing Plaintiff's civil complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this

---

[1]    In his § 2255 motion, Plaintiff claimed his plea was not knowing, voluntary, and
intelligent because he did not know he would be classified as a career offender. *See USA v. Beasley*,
Criminal Case No. 1:03-cr-106 (Court File No. 98).

Court takes judicial notice of the record in the underlying criminal case of *United States of America v. Antonio J. Beasley,* United States District Court for the Eastern District of Tennessee at Chattanooga, Case No. 1:03-CR-106. *Shuttlesworth v. City of Birmingham*, Ala., 394 U.S. 147, 157 n. 6 (1969); *National Fire Ins. Co. Of Hartford v. Thompson*, 281 U.S. 331, 336 (1930); *Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003); *Harrington v. Vandalia-Butler Board of Education*, 649 F.2d 434, 441 (6th Cir. 1981).

The undisputed facts underlying Beasley's offenses are summarized in the Presentence Report ("PSR") as follows:

9.     On July 31, 2002, Antonio J. Beasley and an accomplice known as "Black" conspired to rob the Kentucky Fried Chicken located at 2501 South Broad Street in Chattanooga, Tennessee. According to Mr. Beasley, "Black" knew an employee at the restaurant who had given him information about the safe located inside it. The defendant was armed with a toy gun and "Black" was armed with a real handgun. Mr. Beasley was skeptical when he saw "Black" with the real gun, but decided to go through with the robbery anyway. "Black" entered the business and concentrated on taking money from the people inside while Mr. Beasley took the money from the business. Both Mr. Beasley and "Black" displayed their weapons to the victims. The money that was taken totaled $575 and no one was physically injured during the robbery. The defendant and "Black" fled the scene in a red sports utility vehicle.

10.     On August 2, 2002, the Chattanooga police responded to a robbery call at the Burger King restaurant located at 4810 Rossville Boulevard, also in Chattanooga. The defendant entered the restaurant displaying a toy gun, and he had a bandana covering his face. Mr. Beasley demanded the money from the safe. The store manager opened the safe and relinquished an unknown amount of cash to the defendant. Before Mr. Beasley fled the scene, he demanded the store manager's cell phone so he could not call the police. The defendant fled the scene in a red sports utility vehicle. No one was physically injured during the robbery.

11.     Six minutes after the watch for the vehicle was issued, an officer with the Chattanooga Police Department stopped a red Chevy Blazer that matched the description of the getaway vehicle used in the Burger King robbery. Mr. Beasley was the sole occupant of the vehicle. Inside the truck, officers located $10 cash, two cell phones, one wig, one pair of sunglasses, one hat, two rolls of quarters, and a gray, long sleeved shirt. Mr. Beasley also had $408 cash in his front pocket.

12.    After his arrest and subsequent to his Miranda rights, Mr. Beasley gave a taped statement to investigators. Mr. Beasley confessed to the Burger King robbery and also to the Kentucky Fried Chicken robbery on July 31, 2002. The defendant's version of the events of each robbery matched the independent recollections of the witnesses in each case. The $408 cash was returned to the Burger King restaurant.

(PSR, ¶ 9-12, at 5).

The procedural history of Plaintiff's criminal case basically began on April, 23, 2003, when

a grand jury in the Eastern District of Tennessee returned a four-count indictment charging Plaintiff

as the sole defendant in Counts One, Two and Four in connection with two Hobbs Act robberies in

violation of 18 U.S.C. §§ 1951, and in Count Three with possessing a firearm in relation to the

robbery charged in Count Two, in violation of 18 U.S.C. § 924(c). Criminal Case No. 1:03-cr-106

(Court File No. 1, Indictment). Plaintiff was arrested as a result of the indictments on May 19, 2004

(Criminal Court File No. 4).

Beasley pleaded guilty on August 11, 2005, with the benefit of a plea agreement, to Counts

Two, Three, and Four, with the agreement that Count One would be dismissed (Criminal Court File

No. 74, at 2).[2] He was sentenced on December 13, 2005, as a career offender under United States

Sentencing Guidelines ("USSG.") § 4B1.1, because he had at least two prior felony convictions

involving violent crimes. After receiving a three (3) level reduction for acceptance of responsibility,

Beasley's guidelines were 151 to 188 months, but with the 60 months added for the firearm offense

his guidelines were 211 to 248 (Criminal Court File No. 78, at 13). Beasley was sentenced to

concurrent terms of 171 months for Counts Two and Four, followed by the statutorily mandated 60

---

[2]    Although the PSR indicates there was no plea agreement, at the rearraignment the government announced that the plea was pursuant to a plea agreement between Beasley and the United States and one is in the record in Criminal Court Case No. 1:03-cr-106 (Criminal Court File No. 74, at 2, rearraignment transcript;Criminal Court File No. 80-1, Plea Agreement).

8

months for the § 924 (c) conviction in Count Three. Upon release, he will be on supervised release for a term of five (5) years. That is three years for Counts Two and Four, and five years for Count Three all running concurrently. Beasley was denied relief on both his direct appeal and motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255.

## IV. Civil Complaint

In his complaint, Plaintiff alleges the government breached the plea agreement in his federal criminal case. Plaintiff claims Assistant United States Attorney ("AUSA") Poole breached the plea agreement when he argued Plaintiff should receive an offense level greater than that stipulated in the plea agreement. Plaintiff contends his attorneys violated his Sixth Amendment right to effective assistance of counsel. Plaintiff specifically alleges Attorney Ashley Ownby failed to file a motion to withdraw his plea, and appellate counsel, Michael J. Stengal, presumably failed to raise an issue alleging the government breached the plea agreement. Plaintiff complains that Federal Probation Officer Adela T. Cooper failed to present the presentence report thirty-five days prior to trial and he did not receive it until the date of sentencing. Finally, Plaintiff complains that Judge Edgar sentenced him to a higher sentence than provided in his plea agreement.

Suing for a violation of his constitutional rights under *Bivens*, Plaintiff seeks compensatory and punitive damages of over one million dollars from each defendant except that he seeks only $60,000.00 from the probation officer.

Aside from the fact that the record in this case clearly reflects that there was no offense level "stipulated in the plea agreement"[3] as alleged by Plaintiff, thus, no breach of the plea agreement and no constitutional violation of Plaintiff's due process rights, even assuming Plaintiff's allegations are

---

[3] *See* Criminal Case Number 1:03-cr-106 (Court File No. 80-1, Plea Agreement).

9

true, the complaint must be dismissed for the reasons explained below.

## V.    Analysis

### A.    *Law Applicable to Bivens Claim*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); O'Brien v. City of Grand Rapids, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), cert. denied, 502 U.S. 1032 (1992).

Similarly, to establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005), *available in* 2005 WL 1506229 (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002). The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. Thus, under *Bivens*, claims of personal liability against federal

officials for violations of constitutional rights of others is permitted, but claims against federal government officials in their official capacities are not. *See Dunbar Corp. v. Lindsey,* 904 F.2d 754, 762 (4th Cir. 1990) (discussion differences between FTCA and *Bivens* actions). This is so, because a suit against government officials in their official capacities is the same as bringing suit against the United States of America and the doctrine of sovereign immunity protects the United States government and its officers and employees acting in official capacities from *Bivens* claims. *See Hafer v. Melo,* 502 U.S. 21 (1991); *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 71 (1989); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002). In other words, *Bivens* actions are brought against a federal agent in his individual liability and claims against a federal agent in his official capacity are usually pursued under the Federal Tort Claims Act against the United States. *See FDIC v. Meyer,* 510 U.S. 294 (1991).

Plaintiff did not specify in what capacity he is suing the defendants. Nevertheless, to the extent Plaintiff is attempting to sue Judge Edgar, AUSA Poole, and Federal Probation Officer Cooper in their official capacities under *Bivens,* those claims will be dismissed with prejudice for failure to state claims upon which relief may be granted. For the reasons explained below, all *Bivens* claims against the Defense Attorneys will be dismissed because they are not federal officials for purposes of *Bivens*. Finally, as explained *infra*, the *Bivens* claims against Judge Edgar, AUSA Poole, and Officer Cooper in their individual capacities will be dismissed on the basis of the *Heck v. Humphrey*, 512 U.S. 477 (1994) favorable termination rule,[4] and alternatively as time-barred and

_____

[4] The *Heck* favorable termination rule, when applied in a *Bivens* case, provides that a plaintiff may not maintain a civil complaint under *Bivens* for harm caused by alleged unlawful actions of federal officials, whose unlawfulness would render his federal judgment of conviction or sentence of imprisonment invalid, unless he pleads and proves his federal judgment of conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. at 487.

11

on the basis of immunity.

### B.    Defense Counsel

The Court discerns Plaintiff claims his court appointed federal trial attorney was ineffective when he failed to file a motion to withdraw his plea agreement because he was sentenced in violation of the plea agreement. Plaintiff claims his court appointed federal appellate counsel was ineffective for failing to raise a breached-plea-agreement claim on appeal (Court File No. 1). Notably, neither the plea colloquy nor the plea agreement include any reference to a specific sentence. *See* Criminal Case No. 1:03-cr-106 (Court File Nos. 69, 80-1).

At the outset, the Court observes that an action under *Bivens* is almost identical to a 42 U.S.C. § 1983 action, except the *Bivens* action is maintained against federal officials while a § 1983 is brought against state officials. *See Pagani-Gallego v. Escobedo,* 149 F.3d 1184 (6th Cir. 1998) (unpublished), *available at* 1998 WL 381562 ("[A]n attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action"). Apparently Plaintiff is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge in federal court is acting under color of federal law, within the meaning of *Bivens*. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Id.* A court-appointed attorney, like any retained counsel, serves his client.

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312,

325 (1981)). This rule is applicable to court appointed counsel, as well as retained private attorneys.

*See White v. Robertson-Deming*, 9 Fed.Appx. 418, 419 (6th Cir. May 16, 2001), *available in* 2001 WL 549211 (noting court-appointed defense counsel is not state actor for purpose of § 1983); *James v. Mann*, 234 F.3d 1268 (6th Cir. 2000), *available at* 2000 WL 1679505, *2 (citing *Catz v. Chalker*, 142 F.3d 279, 189 (6th Cir. 1998)(concluding retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit)); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.);*Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court). Similarly, an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("[A]ttorneys are not transformed into federal officials for purposes of *Bivens* action merely because they are appointed by a federal court pursuant to a federal law")*; Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action).

"A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding . . . the public defender does not act under color of state law for purposes

of § 1983 because 'he is not acting on behalf of the State; he is the State's adversary.'" *West v. Atkins*, 487 U.S. at 50 (quoting *Polk County v. Dodson*, 454 U.S. at 322 n. 13). The same holds true for a criminal lawyer appointed by the government to represent an indigent defendant in a federal criminal proceeding. *See Christian v. Crawford*, 907 F.2d at 810. Thus, Attorneys Ownby and Stengal were not transformed into federal officials acting under color of federal law for purposes of *Bivens* because, even though they were appointed by a federal court pursuant to federal law, they did not act on the federal government's behalf; they were the federal government's adversary.

In sum, because an attorney, despite the fact he has been appointed by the federal district or appellate court, does not act under color of federal law for purposes of *Bivens*, neither Attorney Ownby nor Attorney Stengal are proper defendants under *Bivens* for actions they took during their representation of Plaintiff during his federal criminal proceedings.

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of federal authority, his claims against both attorneys lack an arguable basis in law and will be **DISMISSED** as frivolous, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under *Bivens*. 28 U.S.C. § 1915(e)(2)(B).

### C.    *Heck Favorable Termination Rule*

Plaintiff stands convicted of Counts Two, Three, and Four of the indictment. Plaintiff brings this action requesting money damages and specific performance of the plea agreement which he maintains was breached. All of his *Bivens* claims arise out of and are based on the facts and circumstances involved in his criminal conviction and sentencing proceedings, and therefore, must be dismissed for failure to state a claim upon which relief may be granted because such claims are

barred by the *Heck* favorable termination rule. The *Heck* rule applies with equal force to a federal civil rights action under *Bivens*. *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

The Court construes Plaintiff's claim as alleging the defendants violated his due process rights when they breached the plea agreement and failed to enforce, what Plaintiff alleges, was his understanding of the plea agreement. However, when a convict makes such a claim against a federal official it must be via a motion filed pursuant to 28 U.S.C. § 2255 because such a claim implicates the terms of one's conviction or sentence. *Heck v. Humphreys*, 512 U.S. at 481.

In order for Plaintiff to maintain this *Bivens* action for an alleged unconstitutional conviction and imprisonment on Counts Two, Three, and Four of the indictment, or for harm caused by actions by the defendants whose alleged unlawfulness would render his federal judgment of conviction or sentence of imprisonment invalid, Plaintiff must plead and prove his federal judgment of conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a federal court authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 or 2255. A judgment for a plaintiff on a civil tort action under *Bivens* seeking recovery of money damages and specific performance of a plea agreement, alleged to have been breached, would imply that the conviction and/or sentence are invalid which is not permitted unless the plaintiff demonstrates his conviction and/or sentence have already been invalidated. *Heck,* 512 U.S. at 484-487.

Plaintiff does not plead and show that his judgment of conviction on Counts Two, Three, and Four has been reversed on direct appeal, expunged by executive order, declared invalid by a federal court authorized to make such a determination, or called into question by a federal court's issuance of an order granting post-conviction relief. Plaintiff's judgment of conviction has been affirmed on

15

direct appeal and his § 2255 motion was denied.

Accordingly, Plaintiff's civil complaint which pleads claims for money damages and specific performance of the plea agreement under *Bivens* based on his criminal conviction on Counts Two, Three, and Four of the indictment, are barred and must be dismissed under the *Heck* favorable termination rule because the claims necessarily imply the invalidity of his judgment of conviction.

Even assuming for the sake of discussion that Plaintiff's complaint was not barred by the *Heck* favorable termination, not only are the claims barred by the applicable statute of limitations, the government officials have absolute immunity.

### D. Applicable One Year Statute of Limitations

The *Bivens* claims are based on Plaintiff's claims that his plea agreement was breached when the Court sentenced him as a career offender on December 13, 2005. Assuming this complaint was not barred by the *Heck* favorable termination rule, the complaint would be dismissed as time-barred by the applicable one-year statute of limitations since Plaintiff did not file his complaint until March 6, 2011, more than five years after the alleged breach.

In *McSurely v. Hutchinson*, 823 F.2d 1002, 1005 (6th Cir. 1987), *cert. denied*, 485 U.S. 934 (1988), the Sixth Circuit held that *Bivens* actions should be governed by the same statute of limitations as § 1983 actions. *See also Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). For purposes of 42 U.S.C. § 1983, state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted. *See Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *LRL Properties v. Portage Metro Hous. Auth.* 55 F.3d at 1107.

The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *See Roberson v.* Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); *Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992). Consequently, the statute of limitations applicable to Plaintiff's *Bivens* claim is one year.

A *Bivens* cause of action accrues and the statute of limitations commences to run when a plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Fox .v DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tortuous act is committed. *See Echols v. Chrysler Corp*., 633 F.2d 722, 725-26 (6th Cir. 1980). This is known as the "time of event" rule and is applied whenever greater than *de minimus* harm is discernible at the time of the tortuous event. *Hicks v. Hines Inc*., 826 F.2d 1543, 1544 (6th Cir. 1987).

A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his actions. *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Thus, Plaintiff's *Bivens* action accrued when he knew or had reason to know of the injury on which the action is based, s*ee Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984), which, according to the record was on December 13, 2005, when he was sentenced based on the career offender enhancement.

Therefore, Plaintiff had reason to know of his alleged injury at the time he was sentenced on December 13, 2005, and had one year from that date in which to file a *Bivens* claim. For purposes of calculating the statute of limitations, the Court will use the prison mailbox rule and deem

Plaintiff's civil complaint to have been filed no earlier than March 6, 2011. In sum, Plaintiff did not file the instant civil complaint in this Court until on or about March 6, 2011, which is long after the one-year statute of limitations had expired on any and all of claims.

Accordingly, all of Plaintiff's *Bivens* claims are time-barred by the applicable one-year statute of limitations. When a claim is time-barred by the statute of limitations, it lacks an arguable or rational basis in law or fact and can be dismissed as frivolous. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998), *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by the statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available at* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint as frivolous on its face is appropriate under 28 U.S.C. § 1915(e)(2) where complaint is barred by statute of limitations, citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

### E.    Prosecutorial Immunity

Although the claims are confusingly plead, Plaintiff complains the Assistant United States Attorney stipulated to a base offense level of 20 to be reduced to 17 by a 3 level reduction based on Plaintiff's acceptance of responsibility. Plaintiff argues the prosecutor breached the plea agreement when he agreed, at the sentencing hearing, that the career offender enhancement should be applied to Plaintiff's sentence.

One problem with this claim is that there was no stipulation during the rearraignment or in the plea agreement as to Plaintiff's offense level or sentence. Thus, there was no breach of the plea agreement or a constitutional violation. Moreover, the claims against the prosecutor must be dismissed with prejudice because the complaint fails to state a claim upon which relief may be

18

granted as the prosecutor has absolute immunity from suit on all of these claims and allegations.

Plaintiff complains about Defendant Poole's conduct as a prosecutor and advocate during his criminal proceedings. Poole is entitled to absolute immunity from suit when he acts within the scope of his prosecutorial duties. Absolute prosecutorial immunity extends to those activities that occur in the prosecutor's role as an advocate for the government in all judicial proceedings. *Yaselli v. Goff*, 275 U.S. 503 (1927) (affirming Second Circuit extending absolute immunity to federal prosecutors); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor protected by absolute immunity against civil damages for activities "intimately associated with the judicial phase of the criminal process"); *Harris v. Bornhorst*, 513 F.3d 503, 509-10 (6th Cir. 2008); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Thus, because the allegations against Poole arise from actions taken during his traditional role in the judicial process, he is entitled to absolute immunity. *Imbler,* 424 U.S. at 409; *Lee v. Willins*, 617 F.2d 320 (2nd Cir. 1980) (prosecutorial immunity protected prosecutor against civil liability for falsification of evidence and coercion of plea bargain).

Accordingly, because the challenged conduct clearly occurred during Defendant Poole's traditional role in the judicial process, he is entitled to absolute immunity against damages for the challenged actions. Nevertheless, as previously stated, even if Plaintiff could somehow prove the prosecutor was not entitled to absolute immunity, he still could not proceed with his *Bivens* claims against Defendant Poole at this time because *Heck* prevents him from bringing this *Bivens* action until his underlying criminal conviction was been reversed, vacated, or otherwise invalidated.

### F. *Judicial Immunity*

Plaintiff claims that District Court Judge Edgar "failed to follow his exceptance [sic] of the plaintiff plea agreement, but later 'enforced' a higher sentence when allowing that prosecutor to

proceed with the specific performance that he had agreed to with the plaintiff, and his assigned defense counsel Ashley Ownby." (Court File No. 1).

Under the doctrine of judicial immunity, District Judge Edgar has absolute immunity from suit both from money damages and injunctive relief for his judicial acts. *Bradley v. Fisher*, 80 U.S. 335 (1871) (judicial officials are exempt from civil action for judicial acts); *see also Butz v. Economou*, 438 U.S. 478 (1978) *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireless v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980).

Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *Mireles*, 502 U.S. at 11. Even a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit. Judicial immunity from suit applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which are applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Thus, neither of these exceptions to judicial immunity are applicable because the alleged acts of District Judge Edgar in Plaintiff's criminal case were taken in the course of his judicial capacity and were not committed in the complete absence of all jurisdiction.

Consequently, based on the allegations contained in the complaint, Judge Edgar is absolutely immune from suit under *Bivens*. Plaintiff's *Bivens* claims against District Judge Edgar fail to state a claim upon which relief may be granted and seek to recover monetary relief against a defendant who is immune from such relief. Accordingly, all *Bivens* claims against Judge Edgar must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### G. Probation Officer

Plaintiff claims Defendant United States Probation Officer Cooper, Supervisor, failed "to follow the 'U.S.A.O. Poole, stipulated plea agreement, and the failure [sic] for not presenting the PSR with 35 days before trial."

First, Plaintiff has not stated a constitutional violation against the probation officer. Even assuming Plaintiff has stated a constitutional violation, the probation officer is a federal officer shielded by quasi-judicial immunity. The Sixth Circuit has explained:

> Federal officers, other than judges to whom a form of judicial immunity has been found to attach (quasi-judicial immunity), include hearing officers and administrative law judges. *Butz v. Economou*, 438 U.S. 478, 513 (1978). The Court has also extended the defense to state prosecutors and state parole officers, but taken pains to point out that immunity will only cloak functions performed by such officers which are judicial in nature. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

*Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 476 (6th Cir. 2007). The Second Circuit, concluding that federal probation officers preparing and furnishing presentence reports to the court are entitled to absolute immunity explained:

> Presentence reports are normally an important part of a federal court proceeding in which a defendant has been found guilty of an offense and is to be punished for his crime[.] The probation officers prepare the report at the instance of the court. . . [T]he presentence report is a court document and may not be disclosed to others without the permission of the court. . . . Thus, it is clear that, in preparing presentence reports, a federal probation officer acts as an arm of the court and that that task is an integral part of one of the most critical phases of the judicial process.

*Dorman v. Higgins*, 821 F.2d 133, 137 (2nd Cir. 1987).

In the instant case, Officer Cooper was working for Judge Edgar in the context of a judicial proceeding, i.e. preparation of Plaintiff' Presentence Investigation Report ("PSR") for the sentencing hearing. Thus, any connection Officer Cooper has with Plaintiff's factual allegations necessarily involve functions performed by her that are integral to the judicial process. Accordingly, Officer Cooper is absolutely immune from liability for claims arising from her preparation of the Presentence Investigation Report.

## VI.     Conclusion

Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 8). The motion is **GRANTED** to the extent Plaintiff does not have to *initially* pay the full filing fee. The motion is **DENIED** to the extent he is required to pay the full $350.00 filing fee as **ASSESSED** and it **SHALL** be deducted from his BOP inmate trust account and remitted to the Clerk of the District Court (Court File No. 8). Pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), Plaintiff's complaint shall be **DISMISSED WITH PREJUDICE** in its entirety as to all claims against all Defendants for failure to state a claim upon which relief may be granted (Court File No. 1), which necessarily renders the prematurely filed motion to dismiss **MOOT** (Court File No. 4).

A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety and directing the Clerk to close the file in this case.

/s/_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

22

23